UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BOBBY WADDLE # 157508, )
)
          Plaintiff, )
)
v. ) No. 3:15-01309
) Visiting Chief Judge Hood/Brown
COMMISSIONER, TENNESSEE )
DEPARTMENT OF CORRECTION, )
ET AL., )
)
          Defendants. )

To: The Honorable Denise Page Hood, Visiting Chief United States District Judge.

## REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned **RECOMMENDS** that: 1) this case be **DISMISSED** for want of subject matter jurisdiction; 2) plaintiff's motion to amend his complaint (Doc. 176)[1] be **DENIED AS FUTILE**; 3) all pending motions in this action be **TERMINATED AS MOOT**; 4) acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; 5) any appeal **NOT BE CERTIFIED** as taken in good faith under 28 U.S.C. § 1915(a)(3); 6) a copy of plaintiff's motion to amend his complaint (Doc. 176) **BE FILED** in *Waddle v. TDOC, et al.*, 3:17-00372 (M.D. Tenn. 2017)(Trauger J.) (hereinafter Case 00372); 7) a copy of this R&R **BE FILED** in Case 00372; 8) the portion of the order in Case 00372 consolidating Case 00372 with the instant action (Case 00372, Doc. 15) **BE VACATED**; 7) Case 00372 **BE REMANDED** to the assigned District Judge for further proceedings.

## I. BACKGROUND

Plaintiff was a prisoner in the West Tennessee State Penitentiary (WTSP) in Henning,

---

[1] There are two cases discussed in this Report and Recommendation (R&R): this case, Case No. 3:15-01309, and Case No. 3:17-00372. The following convention is used for docket entries in Case No. 3:15-01309: (Doc. XX) where XX is the docket entry to which reference is made. The following convention is used for docket entries in Case No. 3:17-00372: (Case 00372, Doc. YY) where YY is the docket entry to which reference is made.

Tennessee (the Western District of Tennessee) at the time of the alleged events that gave rise to this action. Plaintiff alleged that he was beaten and stabbed in his cell on November 9, 2014[2] by other inmates, that no one at WTSP came to his aid during the alleged assault, and that he was not provided proper medical care for his injuries. Plaintiff named the Commissioner of the Tennessee Department of Correction (TDOC) as a defendant in this action, as well 11 others – mainly John and Jane Does – who were employed at WTSP at the time of the events alleged.[3] The record shows that plaintiff was transferred from WTSP following the assault (Case 00372, Doc. 1, p. 7 of 19), and that he was incarcerated in the Turney Center Industrial Complex (TCIX) in Only (the Middle District of Tennessee) when he filed his complaint in this case (Doc. 1, p. 8).

Former Chief Judge Kevin Sharp referred this case to the Magistrate Judge on December 9, 2015. (Doc. 7) Plaintiff eventually filed a motion to amend his complaint through appointed counsel on April 13, 2017.[4] (Doc. 176) Four days later, on April 17, 2017, this case was transferred to Visiting Chief United States District Judge Denise Page Hood, United States District Court for the Eastern District of Michigan, upon the resignation of Chief Judge Sharp. On June 26, 2017, the District Judge in Case 00372 ordered that case consolidated with the instant case, and that all further filings in Case 00372 be made in this case. (Case 00372, Doc. 15, p. 3)

---

[2] The original complaint alleged that the assault occurred on November 6, 2015. Plaintiff subsequently amended that date to November 9, 2014. (Docs. 42 and 49, p. 1)

[3] The undersigned notes solely for the record that venue in this case is governed by 28 U.S.C. § 1391(b). Section 1391(b) requires that an action be brought only in: 1) a judicial district where any defendant resides, if all defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or 3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action might otherwise be brought. Although venue in this case is technically proper in the Middle District of Tennessee because TDOC is headquartered in this district, this action should have been brought in or transferred to the Western District of Tennessee because the TDOC Commissioner is amenable to suit in the Western District of Tennessee, all of the alleged events that gave rise to this action occurred in the Western District of Tennessee, and all of the other defendants named in this action resided in the Western District of Tennessee.

[4] Attorney Melissa Morris was appointed to represent plaintiff in this case on February 17, 2017. (Doc. 146)

Plaintiff's proposed amended complaint included the following in the context of his amended first cause of action for failure to protect:

> Plaintiff filed internal grievances and a claim with the Tennessee Claims Commission [the Claims Commission] for the personal property taken as a direct and proximate result of the Defendants' actions and/or omissions. Initially Plaintiff was awarded $200 from his claim. However, this decision was appealed by TDOC and the decision was vacated. . . .

(Doc. 176-1, ¶ 55, p. 18 of 45) Five days after plaintiff moved to amend, defendants filed a motion to dismiss and supporting memorandum of law on April 18, 2017 (Docs. 180-81) arguing, *inter alia*, that this case should be dismissed for lack of subject matter jurisdiction because plaintiff filed a prior claim in the Claims Commission based on the same facts alleged in this case which, under Tenn. Code Ann. § 9-8-307(b), bars further action in any state or federal court on those grounds. (Docs. 180, pp. 1-2 and 181, pp. 4-7) Defendants also filed a response in opposition to plaintiff's motion to amend on April 18, 2017 in which they again argued lack of subject matter jurisdiction under § 9-8-307(b). (Doc. 182) Plaintiff responded in opposition to defendants' motion to dismiss on May 12, 2017 (Doc. 198) to which defendants replied the same day (Doc. 200). Plaintiff did not respond to defendants' objection to plaintiff's motion to amend his complaint.

On April 26, 2017, defendants filed a motion for summary judgment, a statement of undisputed material facts, and a memorandum of law in support of their motion. (Docs. 189-91) Although they raised other grounds for relief, including exhaustion, defendants repeated their argument that Tenn. Code Ann. § 9-8-307(b) barred any further action in any state or federal court on the grounds alleged. (Doc. 191, p. 2) Plaintiff responded to defendants' motion for summary judgment on May 23, 2017. (Docs. 203-04)

Plaintiff's motion to amend his complaint is now properly before the court.

## II. ANALYSIS

### A. Motion to Amend

Rule 15, Fed. R. Civ. P. provides that district courts should "freely give leave [to amend complaints] when justice so requires." The Supreme Court has held that a motion to amend should be liberally granted unless the motion is brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1963); *see also Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). Amending a complaint "would be futile if a proposed amendment would not survive a motion to dismiss." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014). The district court has broad discretion in determining wether to grant or deny a motion to amend a complaint. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990)(citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971)).

As previously established, defendants' principal argument in opposition to plaintiff's motion to amend his compliant is that, under Tenn. Code Ann. § 9-8-307(b), the district court does not have subject matter jurisdiction due to plaintiff having sought relief in the Claims Commission on the same grounds that he raises in the instant action. The court may consider the question of subject matter jurisdiction at any time. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *see also In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3), Fed. R. Civ. P.

"Under Tennessee Code § 9-8-307(b) . . . claims filed with the [Claims] Commission 'operate as a waiver of any cause of action, based on the same act or omission' against any state employee, unless the employee was acting outside the scope of his employment." *Laude v. Knowles*, 549 Fed.Appx. 311, 313 (6th Cir. 2013)(quoting Tenn. Code Ann. § 9-8-307(b)). "The sole exception to this waiver occurs 'if the [Claims] Commission determines that the act or omission was

not within the scope of the officer's or employee's office or employment.'" *Laude*, 549 Fed.Appx. at 313 (quoting Tenn. Code Ann. § 9-8-307(b)). The Sixth Circuit clarified § 9-8-307(b) as follows:

> This distinction . . . is one spelled out in the statute itself. Section 9-8-307(b) lists only one exception to the waiver provision: a determination that the state employee acted outside the scope of his employment. The statute makes it clear that, in all other cases, a plaintiff's decision to file a claim with the [Claims] Commission waives any corresponding federal claim. Consequently, the Tennessee Supreme Court has held that a plaintiff's decision to file a claim with the [Claims] Commission 'activates the waiver, regardless of the [claim's] subsequent disposition'. . . . Moreover, 'once the claim has been filled and the waiver has been activated, it cannot be undone. . . . In *Haley* [*v. University of Tennessee-Knoxville*, 188 S.W.2d 518 (Tenn. 2006], for example, the court enforced the waiver where a plaintiff had withdrawn her claim voluntarily. . . . [O]ur court has already held that dismissal for lack of subject-matter jurisdiction – the ground for dismissal here – does not undo a plaintiff's waiver under § 9-8-307(b).

*Laude*, 549 Fed.Appx. 314 (citing *Mullins v. Hall*, 470 Fed.Appx. 476, 477 (6th Cir. 2012)).[5] As shown above, "it is the filing of a suit that triggers the waiver." *Mullins*, 470 Fed.Appx. at 477. In other words, "filing the claim activates the waiver, regardless of the subsequent disposition of the claim." *Mullins*, 470 Fed.Appx. at 477. However, "[t]his does not mean that the state and federal actions 'have to share the same legal or theoretical foundation,' and a claim is waived when the same 'acts' by the defendants form the basis of the claim before the TCC and a claim before another court." *Eachus v. Haslam*, 3:15-00944, 2016 WL 323675 * 5 (M.D. Tenn.)(Trauger J.)(citing *Thomson v. Harmony*, 65 F.3d 1314, 1319 (6th Cir. 1995)).

Defendants have provided a copy of the notice from the Claims Administration dated March 4, 2015 denying plaintiff's claim that he filed on December 19, 2014 seeking monetary compensation "arising from an incident which occurred on 11/08/2014 . . . ." (Doc. 181-1, p. 15 of

---

[5] Tenn. Code Ann. § 9-8-307(b) also applies to claims filed in the Tennessee Division of Claims Administration (the Claims Administration). *See e.g. Stamps v. Matthews*, 1998 WL 57482 *1 (6th Cir. 1998).

5

17) Plaintiff was advised of his right to file his claim with the Claims Commission within 90 days of the date of that notice. (Doc. 181-1, p. 15 of 17)

Defendants have provided a copy of the notice of appeal plaintiff filed in the Claims Commission on March 4, 2015 after the Claims Administration denied his claim. (Doc. 181-1, pp. 1-5 of 17) Plaintiff submitted the following affidavit in his notice of appeal:

> I, Bobby Waddle # 157508, hereby affirm the following with regard to the above styled claim:
>
> On Saturday November Eight 12-8-2014 [*sic*] while in my cell at West TN. State Prison Officers there in the Unit and next Unit over (10A-10B) left unit doors unlocked and gang members from both units (10A, 10B) c[a]me to my cell and assaulted me, beat me, stab[bed] me, and also robbed me. They took everything I had and almost killed me. Its on film and pictures and records them robbing me and also medical records showing life-long damages to me and my health. Not only that I am handicap[ped] and disabled draw [*sic*] for it when I come to corrections. All I'm asking is to be comp[e]nsated for my loss of property that was taken from me. Had officers followed security procedures and had [the] doors locked like procedure states this could have been prevented. The staff at West TN. State Prison is well aware of this situation that happen[ed] to me and there is a[n] incident report, medical report, internal affairs and captains of security who can verify by film of the camera[]s in Units that this happen[ed] and can see the gang members carrying my property from [my] cell while I was laying [o]n [the] floor being stabbed, stomped, and beaten by them. All I'm asking is what I paid for with my own money and what[']s right. The Commissioner for the Tenn. Department of Corrections and Wardens and all staff involved can testify to this and it[']s all on film. I was denied this claim[] due to more investigation work will reflect by record and witnesses that this should be granted and me compensated for the negligence and damages incurred to me and [my] property. The record of all that[] happen[ed] to me in this incident will show that I should be granted this appeal and comp[e]nsat[ed] for my loss of property.
>
> . . .
>
> I am sending copies of [the] grievance filed at West TN. State

6

> Prison[.] [I]t will show that this claim must be filed here according to procedures of civil law and procedures to be compensated for value of property and investigations done.

(Doc. 181-1, pp. 3-4 of 17)

The grievance to which plaintiff refers above, filed on November 25, 2014 (Doc. 181, pp. 7-9 of 17), included the following:

> On Saturday November Eighth, I was in my cell after evening count and my cell mate opened the cell door going out, and when he went out, three gang members c[a]me in my cell. They put a knife to my throat and began beating me till I fell [o]n [the] floor, then started stomping me . . . . I got out of the cell, and went to the infirm[a]ry where I was taken to [an] outside hospital. I was diagnosed with [a] broke[n] nose, I got some stitches, and [a] concussion . . . [my] balance was off, and [my] left eye still has a vision problem . . . blurry . . . . My back [and] stomach was stomped and I lost over 3 pints of blood throwing up blood. I was given [a] p[re]scription and brought back to prison where I was kept till Tuesday November 8th, then brought here. I still have medical problems, vision blurry, can't breathe out of my nose, my balance is off, and something [is] wrong with [my] neck, and my lower back. I've asked over and over to see a Doctor, signed sic[k] call, but can't get no help. . . . [S]ome of them c[a]me from a separate unit from where I lived which means that not only did [the] guard in my unit open [the] door to let them in, but [the] guard in [the] other unit had to let them out. . . . Had [the] officers not opened [the] doors, this could not have happen[ed]. . . .

(Doc. 181-1, pp. 7-8 of 17)

Defendants also have filed a copy of an order entered by the Claims Commission for the Western District of Tennessee on June 20, 2016 styled *Bobby Waddle v. State of Tennessee*, Claim No. 20151089. (Doc. 181-2) The order establishes that plaintiff pursued his claim in the Claims Commission and that "judgment . . . in the amount of . . . $200.00 was . . . entered" in plaintiff's favor on February 9, 2016. (Doc. 181-2, p. 1 of 9) The order also reveals that the judgment in plaintiff's favor was vacated upon the State's motion to reconsider, that the parties were instructed to "make further filings or submit additional affidavits clarifying their respective contentions in this

matter," that the State's subsequent motion for summary judgment was granted, and that plaintiff's claim was dismissed. (Doc. 181-2)

The June 20th order provides the following with respect to plaintiff's claim in the Claims Commission:

> This claim arises out of an incident that occurred at the West Tennessee State Penitentiary (WTSP) in Henning, Tennessee, on November 9, 2014. Claimant alleges that while in his cell at WTSP officers in the unit (Unit 10) left the unit doors unlocked Gang members from both units, 10 A and 10 B, entered his cell and assaulted him. Claimant alleges he was beaten, stabbed and his personal property was stolen. In the Complaint, Claimant alleges negligence on the part of security guards. However, the negligence was not described. Along with his Complaint Claimant submitted copies of grievances which had been filed at the West Tennessee State Penitentiary within days after the incident.
>
> The first 'Inmate Grievance' submitted by Bobby Waddle is dated November 25, 2014. In the grievance, Mr. Waddle states that he was beaten, stomped and robbed by gang members while in his cell. He alleges that an officer in Unit 10 B, the unit in which Claimant lived, had to unlock the unit door in order for the gang members to have access to him. Claimant alleges a security breach occurred when the officer opened the security door and allowed inmates to enter into Unit 10 B. Claimant further alleges that after opening the cell door the officer let the gang members do what they pleased. Claimant alleges he would not have been beaten and injured and his property stolen had the unit door remained locked as it should have been. Claimant further alleges the officers 'knew' what was going on and 'opened doors on purpose for the gang members to rob and stomp [him].'

(Doc. 181-2, pp. 2-3 of 9) The order further states that plaintiff's arguments in response to the State's motion for summary judgment were was follows: 1) "[T]he gang members rushed in when Claimant's cell mate exited the cell"; 2) "[O]ne or more of the officers opened his cell door in order to allow gang members access to him and that the guards 'knew' [he] would be harmed"; 3) [T]hose who assaulted him should have been locked in their cell so that the assault would never have

8

occurred." (Doc. 181-2, pp. 6-7of 9)

The documents provided by defendants are proof that plaintiff sought relief in the Claims Commission based on the same alleged acts and omissions that gave rise to the instant action. Because Plaintiff's case in the Claims Commission was dismissed, no determination was made regarding whether or not the acts and omissions alleged occurred within the scope of the offices or employment of those whose acts and omissions gave rise to his claim. For these reasons, the undersigned recommends that the instant case be dismissed for want of subject matter jurisdiction, and that plaintiff's motion to amend his complaint be denied as futile.

### B. Case 00372

Plaintiff, proceeding *pro se* and *informa pauperis*, filed Case 00372 on February 16, 2017. Attorney Melissa Morris filed a notice of appearance in Case 00372 on April 15, 2017, two months after she was appointed to represent plaintiff in the instant action. (Case 00372, Doc. 7) Thereafter, the District Judge ordered Case 00372 consolidated with the instant action because "it relate[ed] to the same subject matter." (Case 00372, Doc. 15, p. 3) The District Judge also ordered that "[a]ll further filings . . . be made under 3:15-01309." (Case 00372, Doc. 15, p. 3)

For the reasons explained above at pp. 4-9, the undersigned has recommended that the instant action be dismissed for want of subject matter jurisdiction. The further disposition of Case 00372 is, therefore, now at issue. The undersigned notes first that Case 00372 was consolidated with the instant case, it was not transferred to Chief Judge Hood. Consequently, Case 00372 should be remanded for that reason to the District Judge assigned to Case 00372 upon dismissal of the instant case.

In addition to the foregoing, the undersigned also notes that this case and Case 00372 do not "relate[] to the same subject matter." Appointed counsel in Case 00372 misrepresented the

9

relationship between the instant case and Case 00372 when she noticed the court on April 15, 2017 that the two cases were "against many of the same defendants, and based on the same set of facts." (Case 00372, Doc. 8) As for the defendants, the only two that are the same are the Commissioners of TDOC, *i.e.,* Derrick Schofield who was Commissioner at the time of the alleged events that occurred at WTSP, and after plaintiff's transfer from WTSP until Tony Parker was appointed Commissioner in June 2016. None of the other eleven defendants named in the complaint in the instant case are among the other twenty defendants named in the complaint in Case 00372, nor are any of the other twenty defendants named in the complaint in Case 00372 among the other eleven defendants in the instant case.

As for counsel's representation that the two cases were "based on the same set of facts," a plain reading of the complaint in Case 00372 shows that is not the case. Plaintiff wrote the following in the statement of facts in Case 00372:

> In November 2014 while in prison at West TN[] State Prison, I was beaten and stabbed and assaulted by gang members. I was taken to the medical clinic there then transported to a[n] outside hospital with several injuries. **I was then transferred to Morgan County Prison with several injuries still needing treatment from the incident.**

(Case 00372, Doc. 1, p. 7 of 9)(underline and bold added) Following the statement in bold above, *i.e.*, that plaintiff was "transferred to Morgan County Prison," the statement of facts in Case 00372 pertain solely to the alleged acts and omissions of defendants at the Morgan County Correctional Complex (MCCX) in Wartburg (Eastern District of Tennessee), the Trausdale Turner Correctional Center (TTCC) in Hartsville (Eastern District of Tennessee), TCIX, and the Bledsoe County Correctional Complex (BCCX) in Pikeville (Eastern District of Tennessee). None of the acts and omissions alleged at MCCX, TTCC, TCIX, or BCCX are related to those at WTSP, nor do any of the acts and omissions alleged at WTSP relate to those at MCCX, TTCC, TCIX, or BCCX. In

10

addition to the foregoing, and as shown in bold below, plaintiff actually states that Case 00372 has nothing to do with the instant action.

> I want to point out to [the] honorable court there is already [an] ongoing 1983 petition from the injuries and incident that happen[ed] in 2014 at [the] West TN[] State Prison. **This petition here is d[ue] to [the] way I've been treated since the incident in 2014.**[6]

(Case 00372, Doc. 1, p. 18 of 19)(bold added)

As shown above, Case 00372 does not "relate[] to the same subject matter" as the instant case. In short, the underlined sentences above at p. 10 merely establish the original cause of plaintiff's injuries upon which he based his subsequent deliberate indifference claims at those prisons where he was incarcerated following his transfer from WTSP.

The undersigned recommends that the part of Doc. 15 in Case 00372 consolidating Case 00372 with instant action be vacated and that Case 00372 be remanded to the assigned District Judge in Case 00372 for further proceedings for the following reasons: 1) Case 00372 was consolidated with the instant case, it was not transferred to Chief Judge Hood; 2) the instant action is subject to dismissal for want of subject matter jurisdiction whereas plaintiff appears to state a colorable claim in Case 00372;[7] 3) the defendants in Case 00372 are not the same as those in the instant case, and *vice versa*; 4) the two cases are not based on the same set of facts. The undersigned also recommends that plaintiff's motion for leave to file an amended complaint (Doc. 176) be filed in Case 00372, and that a copy of this R&R be filed n Case 00372 as well.

### III. CONCLUSION AND RECOMMENDATIONS

---

[6] The undersigned notes for the record that plaintiff did ask the district court to "amend" Case 00372 to the instant case because he felt it would be better to litigate the two cases together. (Case 00372, Doc. 1, pp. 18-19 of 19)

[7] The undersigned notes that Case 00372 has not yet had an initial review as required under 28 U.S.C. § 1915A.

For the reasons stated below, the undersigned **RECOMMENDS** that: 1) this case be **DISMISSED** for want of subject matter jurisdiction; 2) plaintiff's motion to amend his complaint (Doc. 176) be **DENIED AS FUTILE**; 3) all pending motions in this action be **TERMINATED AS MOOT**; 4) acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; 5) any appeal **NOT BE CERTIFIED** as taken in good faith under 28 U.S.C. § 1915(a)(3); 6) a copy of plaintiff's motion to amend his complaint (Doc. 176) **BE FILED** in Case 00372; 7) a copy of this R&R **BE FILED** in Case 00372; 8) the portion of the order in Case 00372 consolidating Case 00372 with the instant action (Case, 00372, Doc. 15) **BE VACATED**; 7) Case 00372 **BE REMANDED** to the assigned District Judge for further proceedings.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific obj3:15-1309ections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, 142, *reh'g denied*, 474 U.S. 111 (1986); *see Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

**ENTERED** this the 15th day of December, 2017.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge