# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BOBBY WADDLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:17-00372 |
| | ) Judge Campbell/Brown |
| TENNESSEE DEPARTMENT OF CORRECTION, ET AL., | ) ) ) |
| Defendants. | ) |

**To: The Honorable William L. Campbell, Jr., United States District Judge.**

## REPORT AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained below that: **1)** this action be **DISMISSED WITHOUT PREJUDICE**; **2)** acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; **3)** any pending motions be **TERMINATED AS MOOT**; **4)** any appeal **NOT BE CERTIFIED** as taken in good faith under 28 U.S.C. § 1915(a)(3).

## I. STATEMENT OF THE CASE

Plaintiff brought this *pro se* action (hereinafter "this case") on February 16, 2017 under 42 U.S.C. § 1983. (Doc. 1) Plaintiff was incarcerated in the Trousdale Turney Correctional Center in Hartsville, Tennessee at the time he filed his complaint in this case. Plaintiff noticed the court on March 15, 2017 that he had been transferred to the Bledsoe County Correctional Complex in Pikeville, Tennessee. (Doc. 3) The court entered a deficiency order on March 17, 2017, provided plaintiff with a blank application to proceed *in forma paupers* (IFP), and instructed him to complete and submit the application if he sought to proceed without paying the civil filing fee. (Doc. 4)

Attorney Melissa Morris filed a notice of appearance in this case on April 15, 2017, fifty-nine days after plaintiff filed his complaint. (Doc. 7) That same day, Attorney Morris filed a motion

to stay this case until the District Judge in an earlier filed case – Case No. 3:15-01309 – ruled on plaintiff's motion to amend his complaint in that case.[1] (Doc. 9) Plaintiff averred that he would file a notice of voluntary dismissal in this case if his motion to amend were granted in Case No. 3:15-01309. (Doc. 9) The original District Judge in this case granted plaintiff's motion to stay on April 20, 2017, but held the stay in abeyance pending plaintiff submitting the full civil filing fee or a properly completed application to proceed IFP. (Doc. 10) Plaintiff filed an application to proceed IFP on May 24, 2017 (Doc. 14) that was granted on June 26, 2017 (Doc. 15).

The District Judge in Case No. 3:15-01309 ultimately determined that plaintiff's motion to amend was futile, and dismissed that case on April 30, 2018. (Case No. 3:15-01309, Doc. 226, pp. 5-6) The District Judge in Case No. 3:15-01309 also ordered that a copy of plaintiff's motion to amend in that case (Case No. 3:15-01309, Doc. 176), and the R&R on which the order of dismissal was based (Case No. 3:15-01309, Doc. 223), be filed in this case. (Case No. 3:15-01309 Doc. 226, p. 6) The R&R was filed in this case on December 15, 2017 (Doc. 16), and the motion to amend on May 2, 2018 (Doc. 17). Attorney Morris took no further action in Case No. 3:15-01309 after objecting on December 31, 2017 to the R&R upon which the order of dismissal was based in that case. (Case No. 3:15-01309, Doc. 224)

The original presiding judge in this case transferred this case to District Judge William L. Campbell on May 9, 2018. (Doc. 18)[2] Thereafter, this case was referred to the undersigned on May 11, 2018 for "consideration of all pretrial matters," and to "submit proposed findings of fact and recommendations" as to "[a]ny dispositive motions. . . ." (Doc. 19)

---

[1] Attorney Morris was appointed plaintiff's counsel in Case No. 3:15-01309 on February 16, 2017 (Case No. 3:15-01309, Doc. 146), and as such, she was the attorney of record in both that case and this case at all times relevant to the matter addressed in this R&R.

[2] The undersigned notes for the record that an initial frivolity review has not yet been conducted in this case as required under 42 U.S.C. 1915A.

## II. ANALYSIS

The undersigned notes upon reviewing the record that the defendants in this case have not been served in the 1 year 5-plus months since plaintiff filed his complaint. The Federal Rules of Civil Procedure in effect at the time plaintiff filed his complaint provide the following with respect to service of process:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows **good cause** for the failure, the court must extend the time for service for an appropriate period. . . .

Rule 4(m), Fed.R.Civ.P. (bold added) Given the filing date of February 16, 2017 in this case plaintiff was required under Rule 4(m) to have served process not later than May 17, 2017. "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). More particularly, proper service of process is a prerequisite to the court gaining personal jurisdiction over the defendants. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156-57 (6th Cir. 1991)(citation omitted). "[A]ctual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999)(citations omitted).

A plaintiff bears the burden under Rule 4(m) to establish that there was "good cause" if process is not served within 90 days of filing his complaint. *See Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)(citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). To establish "good cause" under Rule 4(m), plaintiff must show "excusable neglect." *See Nafzinger*, 467 F.3d at 521-23; *see also Turner v. City of Taylor*, 412 F.3d 629, 649-50 (6th Cir. 2005)(applying excusable neglect standard to "good cause" analysis under Rule 4(m)). Whether neglect is excusable is an equitable determination that takes into account "all relevant circumstances surrounding the

party's omission." *Turner*, 412 F.3d at 650 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'Ship,* 507 U.S. 380, 395 (1993)). This standard "has consistently been held to be strict, and can be met only in extraordinary circumstances." *Turner*, 412 F.3d at 650 (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). To assess a claim of excusable neglect, the court considers the neglect of both the party and the party's counsel. *McCurrey ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594-95 (6th Cir. 2002)(citing *Pioneer*, 507 U.S. at 397). In so doing, "clients [are] held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396-97.

As previously established above at pp. 1-2 and n. 1, attorney Morris was plaintiff's counsel in both Case No. 3:15-01309 and this case. A review of the record in Case No. 3:15-01309 reveals that Attorney Morris prosecuted that earlier action actively from the time plaintiff filed his complaint in this case on February 16, 2017 until December 31, 2017 when she objected to the R&R on which the court based its order of dismissal in Case No. 3:15-01309. (Case No. 3:15-01309, Docs. 147-48, 150, 154, 160, 167, 176, 178, 185-86, 198, 201-04, 209, 211-15, 216-19, 224) Attorney Morris has taken no action in either Case No. 3:15-01309 or this case in the 213 days since.

Given the record of attorney Morris's representation in Case No. 3:15-01309, plaintiff cannot rely on any impediment to his ability to prosecute as grounds to establish "good cause" in this case. Indeed, plaintiff's only possible "good cause" theory is that the court stayed this case pending a ruling on plaintiff's motion to amend in Case No. 3:15–01309. *Friedman*, quoted below in relevant part, is instructive with respect to such a theory:

> Plaintiffs . . . argued below that the district court's 'stay of all proceedings' issued on November 2, 1987 and lifted on March 8,

4

1989 tolled the 120-day period[3] because service of process is a 'proceeding' and plaintiffs, therefore, were barred from serving defendants during the period of the stay. By excluding the days the proceeding were tolled, plaintiffs contended that their personal service of process under Rule 4(d) was completed within the 120-day period required by Rule 4(j).

Without personal jurisdiction over an individual, however, a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction. . . . In other words . . . the district court's . . . stay was nullified, as the court had not yet acquired in personam jurisdiction over any defendant. . . . The district court was as powerless to issue orders affecting defendants as it was powerless to issue orders affecting any other . . . party. Accordingly, the stay did not toll the 120-day period for service of process. We therefore find that plaintiffs did not effect personal service of process . . . within the required 120-day period.

*Friedman*, 929 F.2d at 1156-57 (internal citations and footnotes omitted).

As shown in the excerpt from *Friedman* above, the stay entered in this case was "nullified" because the court had not yet acquired personal jurisdiction over the defendants. Because it was "nullified," the stay did not provide "good cause" in and of itself for plaintiff's failure to perfect service of process. Moreover, attorney Morris should have been aware of both the procedural requirements under Rule 4(m), as well as the potential consequences under the law for failing to comply with those requirements. In short, attorney Morris's failure to affect service of process does not constitute excusable neglect. As previously established, attorney Morris's neglect is imputed to plaintiff. *Pioneer*, 507 U.S. at 396-97. For these reasons, the undersigned recommends that this case be dismissed without prejudice.

---

[3] The time to serve process under the Federal Rules of Civil Procedure when *Friedman* was decided was 120 days. *See* Rule 4, Fed.R.Civ.P. (H.R. 7154 – Federal Rules of Civil Procedure Amendments Act 1982, W§ 5 – Time Limits) The time to serve process was reduced from 120 days to 90 days in 2015. *See* Rule 4, Fed.R.Civ.P. (2015 Amendment (Subdivision (m)). The time to serve process in effect when plaintiff filed his complaint in this case was 90 days.

### III. CONCLUSION
### AND
### RECOMMENDATIONS

The Magistrate Judge **RECOMMENDS** for the reasons explained above that: **1)** this action be **DISMISSED WITHOUT PREJUDICE**; **2)** acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; **3)** any pending motions be **TERMINATED AS MOOT**; **4)** any appeal **NOT BE CERTIFIED** as taken in good faith under 28 U.S.C. § 1915(a)(3).

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, 142, *reh'g denied*, 474 U.S. 111 (1986); *see Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

**ENTERED** this the 31st day of July, 2018.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge